## No. 4928.

### WIDOW ANATOLE VILLERE *v.* SUCCESSION OF HUGUES VILLERE.

It is well settled that an administrator or executor is without the power to renounce or waive prescription after it has been acquired in favor of the estate he represents.

APPEAL from the Second Judicial District Court, parish of Plaquemines. *Pardee,* J. *McCaleb,* for plaintiff and appellant. *R. G. Dugué,* for defendant and appellee.

TALIAFERRO, J. This suit is brought on a promissory note for $10,866 66, with interest at eight per cent. per annum from June 5, 1865. The defense is prescription and illegal consideration. There was judgment for the defendant and the plaintiff has appealed.

The note bears date in 1851. There are three credits upon it. The first on the twenty-sixth of November, 1862; the second June 21, 1864;

the third on the fifteenth October, 1868. Citation was served on the twenty-ninth of October of that year. An interval of more than ten years elapsed between the maturity of the note and the date of the first payment; between the date of the second credit, June 21, 1864, and that of the third, more than five years intervened. The question then is as to whether the credit which appears upon the note of the fifteenth of October, 1869, is of such a character as to take it out of prescription.

The defendant contends that the person who entered that credit was without authority to renounce or waive prescription that had already accrued. The credit it seems was entered by the tutor of Hugues Villeré's minor children; and it is contended that this tutor, by virtue of his appointment as tutor became, *ipso facto*, administrator of their father's estate, and that he has acknowledged the debt in a petition filed in the parish court of Plaquemines. It is well settled that an administrator or executor is without the power to renounce or waive prescription after it has been acquired in favor of the estate he represents. 21 An. 373; Ib. p. 748; 23 An. 193; 24 An. 83.

From the facts presented in this case we are unable to find that there has been any act done that legally bars the prescription of five years, and therefore conclude the judgment of the district court was properly rendered.

Judgment affirmed.